**Stacey McKINNEY, Plaintiff,**

v.

**AMERICAN AIR FILTER CO., INC., Defendant.**

No. 78–516C(1).

United States District Court, E. D. Missouri, E. D.

June 20, 1979.

Doris Gregory Black, St. Louis, Mo., for plaintiff.

Richard E. Lieberman, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., and Dennis G. Collins, Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This cause was tried to the Court. The Court has been duly advised by testimony, exhibits, and briefs of the parties.

### FINDINGS OF FACT

1. Plaintiff Stacey McKinney is a black male residing in St. Louis County, Missouri.

2. Defendant American Air Filter Company, Inc., is a Delaware corporation and maintains a facility in St. Louis County, Missouri. It is an employer within the meaning of 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and employs at least 25 persons.

3. Defendant, at its St. Louis facility, is engaged in the manufacture of environmental control systems for the United States Department of Defense. It employs approximately 300 employees, which includes approximately 175 hourly rated employees of whom approximately 25 percent are black.

4. Plaintiff was employed on June 20, 1973, as a machine operator in the sheet metal department.

5. On April 25, 1974, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that blacks were discriminated against with respect to job placement, harassment, discharges, exclusion from supervisory positions and other conditions of employment. On October 24, 1975, the EEOC issued a determination finding no reasonable cause to believe plaintiff's allegations had any merit. He did not file a civil action within 90 days of receipt of his Notice of Right to Sue letter with respect to said charges.

6. On or about June 1, 1976, plaintiff filed a charge of discrimination with the EEOC alleging that he had been discriminated against by the defendant because of his race, black, and his religion, Muslim, "by denying me my benefits." He stated he was injured on the job in November of 1975 and he could not lift more than 30 pounds. He had requested work in the tool crib. This had been refused and those positions had been given to employees with less seniority and no knowledge.

7. A similar charge was filed on June 2, 1976, with the Missouri Commission on Human Rights. They investigated the charge and found no probable cause to believe the complaint was true.

8. Thereafter, plaintiff requested a Right to Sue letter from the EEOC with respect to his June 1, 1976, charge. This was issued by the EEOC on February 24, 1978. This action was filed on May 22, 1978. The complaint alleges only race discrimination and does not allege religious discrimination.

9. In July, 1975, the plaintiff claimed to have injured his back as a result of an automobile accident and he claimed that his back was reinjured at work on December 31, 1975. Although plaintiff alleges and testified that his foreman refused to send him to the doctor immediately, the record shows that he was sent to the company doctor on December 31, 1975.

10. Plaintiff received the following leaves of absence as a result of his claimed back injury:

February 6 through February 19, 1976
March 9 through March 21, 1976
June 7 through December 13, 1976
January 14 through June 14, 1977
July 15, 1977 through March 30, 1978.

11. As a result of the plaintiff's claimed injury, plaintiff received $4,373.26 in reimbursement for medical expenses; $4,900.00

in pay for lost work time, and a workmen's compensation settlement in the amount of $3,200.00.

12. On March 30, 1978, plaintiff was notified that he was terminated because of a violation of paragraph 97 of the collective bargaining agreement between defendant and the International Brotherhood of Boilermakers. That paragraph provides that an employee may not work elsewhere during an authorized leave of absence. Plaintiff was working elsewhere when it was discovered by the defendant and that is when his employment was terminated.

13. There was no evidence introduced other than the plaintiff's own testimony that plaintiff was treated any differently than any white employee. As a matter of fact, the evidence showed that plaintiff was assigned light work on many occasions. He was never required to lift more than 30 pounds. He was assigned the lightest jobs in the plant and still complained about the fact that his job hurt his back.

14. The job plaintiff requested in the tool room required three years' experience as a tool room machinist. In addition to the plaintiff's application for this job, four white employees also applied for it and all of them were rejected for the reason that they lacked the necessary experience. A person from outside the plant work force was hired with over 20 years' experience as a tool room machinist.

15. On May 27, 1976, the plaintiff bid on a tool crib job. This job was posted. Plaintiff bid on the job but before it was filled the person holding that job returned to work and reclaimed his position and the bid was withdrawn. The person who returned from leave to reclaim his position was black. Plaintiff's only other job bid following his alleged injury was for a subassembler job which he was awarded.

16. On June 15, 1977, the plaintiff successfully bid on the subassembler position. This was the least physically demanding job of any position in the plant. The plaintiff was unable or unwilling to perform many of the duties assigned to this position and on July 15, 1977, he requested leave and was again placed on medical leave.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under the provisions of 42 U.S.C. §§ 1981 and 2000e.

2. There is no substantial evidence in this record to indicate that plaintiff was treated differently than any white person. He has not made a prima facie case of discrimination in any manner. The evidence is undisputed that plaintiff's treatment and his termination were not discriminatory.

3. Judgment will be rendered in favor of the defendant and against the plaintiff.